**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Roger A. Lamoureux, | ) No. CV-09-1017-PHX-FJM |
| Plaintiff, | ) **ORDER** |
| vs. | ) |
| Michael J. Astrue, Commissioner of Social Security Administration, | ) |
| Defendant. | ) |

This is an appeal from a denial of Social Security disability insurance benefits. The court has before it plaintiff's opening brief (doc. 9) and defendant's response (doc. 10). Plaintiff did not file a reply.

Plaintiff filed a claim for disability insurance benefits on August 8, 2006, and alleged a disability onset date of March 31, 2003. Following a hearing, the ALJ issued an unfavorable decision on May 21, 2008. At step one of the five-step sequential evaluation process, the ALJ found that plaintiff's date last insured is March 31, 2004, and that he did not engage in substantial gainful activity in the 12 months prior to that date. The ALJ found at step two that plaintiff has the combination of severe impairments of bilateral crushed leg and anxiety disorder. At step three, the ALJ determined that plaintiff's impairments do not meet or medically equal the listing criteria. See 20 C.F.R. Pt. 404, Subpt. P, App. 1. At steps four and five, the ALJ concluded that plaintiff retained the residual functional capacity

("RFC") to perform light, unskilled work, as defined in 20 C.F.R. § 404.1567(b). The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then filed this action for judicial review pursuant to 42 U.S.C. § 405(g).

We will uphold the Commissioner's decision if supported by substantial evidence and not based on legal error. Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007). We affirm the ALJ's decision where the "evidence is susceptible to more than one rational interpretation," one of which supports the ALJ's decision. Id. Plaintiff bears the burden of proving he was disabled during the relevant time period. Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995).

**I**

Plaintiff first contends that the ALJ erred at step three by not giving controlling weight to his treating podiatrist's forensic opinion that his condition meets listing 1.02(A) for a major dysfunction of one major peripheral weight-bearing joint, and that plaintiff's limitations would have existed before March 31, 2004, the date last insured. See Tr. 168–69. Plaintiff argues that the ALJ's determination violates 20 C.F.R. § 404.1527(d)(2), requiring that a treating source's opinion be given controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record." Where not contradicted by another provider, the treating provider's opinion may be rejected only for "clear and convincing" reasons supported by substantial evidence. Orn, 495 F.3d at 632. If the ALJ does not give the treating physician's opinion controlling weight, he must consider the "[l]ength of the treatment relationship and the frequency of examination"and the "[n]ature and extent of the treatment relationship." 20 C.F.R. § 404.1527(d)(2)(i)-(ii).

The ALJ discounted Dr. Farrell's opinion only after considering the length, frequency, nature and extent of the treating relationship, as required by the regulations. As the ALJ explained, Dr. Farrell saw plaintiff for the first time on June 8, 2004, three months after the

date last insured, and only saw him infrequently, about once a year. Moreover, the ALJ noted that Dr. Farrell did not treat his leg injuries, but only attended to toenail problems. Therefore, the ALJ correctly observed that Dr. Farrell did not have a longitudinal treatment history with plaintiff. The ALJ further noted that Dr. Farrell did not complete an RFC assessment until August 31, 2006, over two years after plaintiff's date last insured. The ALJ also recognized that because plaintiff's records from Dr. Muzyka preceded the date last insured, and because his Mayo Clinic records were from November 2, 1994 through December 10, 2002, there are no medical records for the entire period at issue (March 31, 2003 through March 31, 2004), and thus there is no evidence of impairment during this time that Dr. Farrell could have reviewed.

We therefore disagree with plaintiff's contention that the ALJ treated Dr. Farrell's opinion improperly. Where, as here, a treating provider's retrospective conclusion is not substantiated by medical evidence relevant to the period in question, an ALJ may discount his opinion. See Johnson, 60 F.3d at 1433. Because the ALJ provided "specific and legitimate reasons for rejecting the opinion of a treating physician," we do not overturn his determination. Tommasetti v. Astrue, 533 F.3d 1035, 1042 (9th Cir. 2008).

We also disagree with plaintiff's contention that the ALJ failed to comply with the provisions of S.S.R. 83-20 on determining plaintiff's disability onset date. The regulations provide that in the case of a slowly progressive impairment for which adequate medical records are not available, it is necessary to infer the onset date from the evidence that describes "history and symptomatology of the disease process." S.S.R. 83-20, *2. Based on medical evidence, an ALJ may infer that the onset of a disabling impairment occurred prior to the first recorded medical examination. Id. Plaintiff argues that because Dr. Farrell reviewed the injuries and inferred an onset date, the ALJ erred when he rejected the podiatrist's opinion that limitations to plaintiff's RFC existed before March 31, 2004.

We conclude the ALJ's decision to discount Dr. Farrell's opinion about the onset of disability is supported by clear and convincing reasons and substantial evidence, and does not violate S.S.R. 83-20. As explained above, the ALJ determined that there was insufficient

1  evidence to support Dr. Farrell's opinion. The ALJ considered the limited nature of the
2  treating relationship, and how little medical evidence existed about the relevant period.
3  While the regulation allows an ALJ to make inferences about a disability onset date, it does
4  not relieve plaintiff of his burden to prove his disability. The ALJ properly concluded that
5  plaintiff had not done so.

**II**

7  Next, plaintiff argues that the ALJ erred in rejecting plaintiff's allegations that he
8  cannot perform work. The ALJ based his conclusion that plaintiff is not totally credible on
9  the following findings: (1) Dr. Farrell's RFC assessment occurred well after plaintiff's date
10 last insured; (2) Dr. Muzyka's records are for the period after plaintiff was no longer insured
11 for benefits; (3) the Mayo Clinic records are from before plaintiff's alleged date of disability;
12 (4) there is no evidence of treatment or impairment during the period at issue; (5) no
13 physician ever opined that listing level limitations were met or equaled; and (6) the objective
14 evidence of the medical record does not establish impairments likely to produce disabling
15 pain or other limitations for period of 12 or more continuous months. The ALJ also found
16 that plaintiff's medically determinable impairments could have been reasonably expected to
17 produce the alleged symptoms, but that plaintiff's statements concerning the intensity,
18 persistence and limiting effects of the symptoms were not entirely credible.

19 Plaintiff contends that rather than determine that the evidence of disability was
20 insufficient to support plaintiff's allegations, the ALJ should have have accepted plaintiff's
21 allegations as true and drawn a disability onset inference, pursuant to S.S.R. 83-20. As
22 already noted, S.S.R. 83-20 does not relieve plaintiff of his burden to establish that his
23 impairment prevented him from performing any substantial gainful activity. In assessing
24 subjective testimony, the ALJ conducts a two step analysis, in which the claimant must first
25 provide objective medical evidence of an impairment that could reasonably be expected to
26 produce the underlying symptom. <u>Tommasetti</u>, 533 F.3d at 1039. Plaintiff failed this first
27 step, because, as the ALJ found, there is no evidence of treatment or impairment during the
28 period at issue. Therefore, we conclude that the ALJ's negative credibility determination

about the plaintiff was a reasonable interpretation supported by substantial evidence. See Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).

Additionally, the ALJ correctly considered nonmedical evidence before rejecting plaintiff's allegations. The ALJ cited a vocational expert's testimony that an individual of plaintiff's age, education, work experience and RFC would have been able to perform the requirements of representative occupations, such as a packager or assembly work. Based on that testimony, the ALJ concluded that the claimant was capable of making a successful adjustment to other work, and was therefore not disabled.

Plaintiff's argument that the ALJ erred by not having another provider examine plaintiff or review his record to determine his onset date is also without merit. The regulations only require that the ALJ call upon a medical advisor to assist in determining the onset date when the medical evidence is unclear and an ALJ has determined that an applicant is disabled. See Sam v. Astrue, 550 F.3d 808, 810 (9th Cir. 2008). Here, the ALJ determined that plaintiff was not disabled.

### III

Finally, plaintiff contends that the ALJ's finding at step five, that plaintiff retained the RFC to perform light work, is not supported by substantial evidence in the record. It is plaintiff's burden to show that his impairment prevented him from engaging in any substantial gainful activity during the relevant period. See 42 U.S.C. § 423(d)(1)(A). Plaintiff argues that the only medical opinion of record is Dr. Farrell's.

Because there is more to the case than Dr.Farrell's opinion, we conclude that the ALJ's RFC assessment is supported by substantial evidence. As discussed above, the ALJ's credibility determination about the plaintiff and his discounting of Dr. Farrell's opinion are supported by substantial evidence. While it is true that there is little other medical evidence to support the ALJ's RFC assessment, that is in part because of plaintiff's failure to produce any medical evidence about the period in question. Moreover, the ALJ appropriately considered nonmedical evidence, as previously explained.

### IV

The Commissioner's decision is supported by substantial evidence and not based on legal error. Therefore, **IT IS ORDERED AFFIRMING** the Commissioner's denial of benefits.

DATED this 29th day of July, 2010.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge